THOMAS P. GILHOOLEY, ESQ. Corporation Counsel, Cortland
We acknowledge receipt of your letter inquiring whether a volunteer fire company in the City of Cortland must automatically grant a leave of absence to a volunteer fireman in good standing who entered upon active duty in the Armed Forces of the United States subsequent to July 1, 1975. You further inquire, in the event the granting of a leave of absence is not required, what procedures should be followed in either granting or denying such leave.
General Municipal Law § 200-c provides that on or after July 1, 1966, a volunteer fireman in good standing who entered upon active duty in the Armed Forces of the United States prior to July 1, 1975, shall be deemed to be on leave of absence with certain additional provisions concerning termination of membership after a period of time or permanent change of residence and that during such leave of absence the fire company may elect another person to membership in place of the member on military leave.
General Municipal Law § 200-c was added in 1966, to be effective until 1969; in 1970 it was amended to extend that period until 1972; and in 1972 it was amended to extend that period to July 1, 1975. It has not been amended again.
In our opinion, the military leave provided for volunteer firemen in good standing by General Municipal Law § 200-c does not apply to volunteer firemen who entered upon active duty in the Armed Forces of the United States subsequent to July 1, 1975; leaves previously granted expire only in accordance with the statute.
Granting leaves of absence to volunteer firemen by volunteer fire companies is a matter subject to control by each fire company pursuant to general law and company by-laws. This being the case, this office cannot determine how, when or whether a leave of absence may be granted by a volunteer fire company to one of its voluntary members other than to state that a determination should not be arbitrary, capricious or unreasonable.